UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JHON SANCHEZ,<br><br>         Plaintiff *pro se*,<br><br>         v.<br><br>JONATHAN POAG, et al.,<br><br>         Defendants. | No. 11-cv-3824 (KM)(MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (ECF No. 32) of all defendants to dismiss the amended complaint (ECF No. 18) of the plaintiff, Jhon Sanchez, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Reviewing the complaint, I find that it does not set forth facts sufficient to make out a plausible claim for relief against the defendants. Accordingly, the motion to dismiss the complaint is **GRANTED,** albeit without prejudice to the filing of a second amended complaint within 45 days.

### I.   BACKGROUND[1]

Mr. Sanchez is a civilly committed detainee of East Jersey State Prison's Special Treatment Unit ("STU"). (Am. Compl. 2-3) The defendants are New Jersey state officials from the Department of Human Services ("DHS") or employees at the STU. (Am. Compl. 4a-4d)

---

[1] The facts that follow are taken from the complaint. They are assumed to be true solely for the purposes of the motion to dismiss.

1

Mr. Sanchez filed his original complaint in July 2011. (ECF. No. 1) After he moved for default judgment in April 2014 (ECF No. 16), this Court denied that motion and instructed Sanchez to "prepare a new, amended complaint on the proper form, containing in a single document all of the claims that he currently wishes to assert." (ECF No. 17) Sanchez filed his (first) amended complaint in October 2014. The defendants have moved to dismiss it for failure to state a claim. (ECF No. 32)

## II. DISCUSSION

### A. Standard of Review

Defendants move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To state a valid claim for relief under Rule 12(b)(6), the complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a).

For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 555, 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

From the seminal modern cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Third Circuit has extracted a three-step process for reviewing a complaint:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. See [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. See *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In a case brought *pro se* such as this one, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596–97 (1972). Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (An example of the limits of courts' procedural flexibility regarding *pro se* litigants is that "pro se litigants still must allege sufficient facts in their complaints to support a claim.").

### B. Analysis

I find that the complaint fails to state a claim against the defendants. Even under the most liberal construction of the complaint, Mr. Sanchez has failed to allege facts sufficient to support a cognizable claim. *See generally Haines*, 404 U.S. at 520–21, 594 S. Ct. at 596–97. In his amended complaint,

Mr. Sanchez simply lists seven defendants, their positions, and a one sentence allegation towards each of them. A short complaint is of course desirable, even admirable. But the factual allegations must be sufficient to make out a plausible claim for relief and enable defendants to understand what it is they are alleged to have done.

### 1. Jonathan Poag

Mr. Poag was the Director of the DHS Division of Mental Health Services. As to him, the complaint alleges only this: that Poag was "[f]ailing to oversee the interferences that DOC is doing to therapy. And the using of psychiatric being used as a form of prison punishment." (Am. Compl. 4a)

In conclusory fashion, this allegation simply states that an unsavory practice is underway. Sanchez does not state any facts as to when, where, and how, and against whom psychiatric treatment has been used as a form of prison punishment. It does not so much as give an example. Nor does the complaint allege that Sanchez personally has been subject to that practice or has been injured as a result of it. This conclusory allegation is insufficient to state a claim for relief.

### 2. Merill Main

Merill Main was the clinical director of STU. As to him, the complaint alleges only this: that Merill Main was "[a]uthorizing and giving Corrections the authority of placing us (residents) under the prison policy. Knowing that we are civilly committed residents." (Am. Compl. 4a) Again, Sanchez fails to provide any facts. The complaint does not state what "prison policy" is referred to; how, when, or to whom it was applied; or any other facts. Again, no example or examples are given. Nor does the complaint state that Sanchez himself has been subjected to such policies or injured as a result. This conclusory allegation is insufficient to state a claim for relief.

### 3. Shantay Adams

Ms. Adams was a unit director of STU. As to her, the complaint alleges only this: that Adams "[k]nowingly, knows that this treatment facility is being ran as a prison facility, and [was] disregarding the mental and physical abuse that DOC is causing and inflicting upon me." (Am. Compl. 4b) This allegation, again, is wholly conclusory and contains no facts. It does not state what the "abuse" might consist of, when it occurred, or by whom it was perpetrated. It does not give an example of what is meant. This conclusory allegation is insufficient to state a claim for relief.

### 4. Jacelyn Ottino

Ms. Ottino was a program director at STU. As to her, the complaint alleges only this: that Ottino was "[o]verlooking the abuse of Corrections filing False Reports on me. Causing serious interference with my treatment." (Am. Compl. 4b) This allegation, like the others, is devoid of facts. It does not state what reports are referred to, or in what way they were false. The interference with treatment is not described, even generally, nor are examples given. This conclusory allegation is insufficient to state a claim for relief.

### 5. Brian Friedman

Dr. Friedman was a psychologist at STU. As to him, the complaint alleges only this: that Friedman was "[d]isregarding my grievances and verbal complaints of being discriminated against towards my treatment by Corrections." (Am. Compl. 4c) This allegation is insufficient to state a claim for relief. Sanchez fails to provide examples of grievances and complaints that were disregarded, to describe them in any way, or to state when and to whom they were made. This conclusory allegation is insufficient to state a claim for relief.

### 6. Jennifer Velez

Commissioner Velez was the commissioner of DHS. As to her, the complaint alleges only this: that Velez was "[f]ailing to answered my complaints of being mental and physically abused by Corrections. And for failing to send someone to this Facility to oversee the DOC and their corruptive ways of

treatment." (Am. Compl. 4c) This allegation fails to give examples of complaints made to Velez, to describe them in any way, or to provide facts as to when and how Sanchez was abused. This conclusory allegation is insufficient to state a claim for relief.

### 7. John Main

John Main was the CEO of DHS Hospitals. As to him, the complaint alleges only this: that John Main was "[a]llowing Corrections to apply the 10:A Code (prison rules) for us. Knowing that we are civilly committed residents." (Am. Compl. 4d) Sanchez fails to provide examples of how prison rules were applied, state how they were applied, or describe how he was harmed as a result. It does not state how Sanchez was harmed personally; it merely states generally that civilly committed prisoners are treated as if they were prisoners. This conclusory allegation is insufficient to state a claim for relief.

In sum, Mr. Sanchez has failed to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65). The complaint thus fails to state a claim for relief that is "plausible on its face," and it will be dismissed for failure to comply with the pleading standards of Rule 8, Fed. R. Civ. P.

## III. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is **GRANTED** and Mr. Sanchez's amended complaint is **DISMISSED WITHOUT PREJUDICE** to the submission within 45 days of a Second Amended Complaint containing the necessary factual allegations. If he wishes, Mr. Sanchez may use extra sheets and file his Second Amended Complaint as a supplement to the current version on file.

Dated: March 22, 2016

*/s/ Kevin McNulty*
**Hon. Kevin McNulty**
**United States District Judge**